**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLAYTON CORDELL PERKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-5824** |
| **STATE OF LOUISIANA** | **SECTION "I"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DENIED WITH PREJUDICE** as untimely .

## PROCEDURAL HISTORY [1]

On February 23, 2005, petitioner, Clayton Perkins, a prisoner incarcerated in Rayburn Correctional Center, pled guilty in the Twenty-Second Judicial District Court for the Parish of St. Tammany to attempted forcible rape.  On that same date, petitioner was sentenced as a second-felony offender to twenty (20) years incarceration without benefit of probation or suspension of sentence, with credit for time served.  Thereafter, petitioner had thirty (30) days within which to file a motion for an appeal in connection with his conviction and sentence.  *See* La. Code Crim. P. art. 914.  Petitioner, however, made no effort to seek a direct appeal.  As such, petitioner's conviction and sentence were rendered final on March 25, 2005, after the thirty (30) days available to lodge an appeal expired.  *See State v. Francois*, 945 So.2d 865, 870-871 (La. App. 3 Cir. 2006).

On May 11, 2005, petitioner filed with the state district court a "Motion for Discovery Inspection and Bill of Particulars".  On May 23, 2005, the district court granted petitioner's motion to the extent petitioner sought a copy of the "Bill of Information", the court "Minutes", and the "Transcript of <u>Boykin</u> plea".  In all other respects, petitioner's motion was denied.

---

[1]Copies of the pleadings referenced in the court's discussion of petitioner's procedural history, along with the transcript of petitioner's February 23, 2005 guilty plea and sentencing, are contained in the State rec., vol.  1 of 1.

On September 27, 2005, petitioner filed with the state district court a "Motion for Production of <u>Boykin</u> Exam, Guilty Plea and Sentencing Colloquy". On October 11, 2005, the district court granted petitioner's motion.

On January 31, 2006, petitioner filed with the district court a motion to compel enforcement of the court's October 11, 2005 order. The district court, however, denied petitioner's motion to compel as moot.

On February 14, 2006, petitioner filed with the district court a "Motion to Correct an Illegal Sentence and Vacate an Illegal Plea Bargain Agreement". On March 30, 2006, the district court denied petitioner's motion. On April 7, 2006, petitioner sought relief from the Louisiana First Circuit Court of Appeal in connection with the district court's March 30, 2006 adverse decision, filing with the state appellate court an "Application for Supervisory Writ and/or Review Petition for Motion to Correct an Illegal Sentence". On June 13, 2006, the Louisiana First Circuit denied petitioner's writ application because it was incomplete, petitioner having failed to provide the court with copies of the plea agreement which he was challenging, along with other necessary documentation to support his claim. The state appellate court, however, gave petitioner until August 11, 2006, to file a new, properly supported writ application with the court. *State v. Perkins*, No. 2006-KW-0629 (La. App. 1 Cir. 2006) (unpublished opinion).

In accordance with the Louisiana First Circuit's instructions, petitioner, on July 3, 2006, filed a second writ application with the state appellate court. On August 21, 2006,

the Louisiana First Circuit Court of Appeal denied petitioner's writ application.  *State v. Perkins*, No. 2006-KW-1344 (La. App. 1 Cir. 2006) (unpublished opinion).  On September 20, 2006, petitioner filed a "Petition for Certiorari and/or Review" with the Louisiana Supreme Court seeking relief in connection with the Louisiana First Circuit's August 21, 2006 adverse decision.  On June 22, 2007, the Louisiana Supreme Court denied petitioner's writ application.  *State ex rel. Perkins v. State*, 959 So.2d 490 (La. 2007). [2]

On August 10, 2009, petitioner filed the instant federal habeas corpus application.  In his habeas application, petitioner complains that his counsel was ineffective because he did not file a direct appeal on petitioner's behalf, thereby denying petitioner of his right to judicial review.  Since the court concludes that petitioner is time-barred, the merits of his claim need not be addressed.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking

---

[2]While his writ application was pending before the Louisiana Supreme Court, petitioner filed motions with the state district court seeking a clarification of his sentence.  Said motions were ultimately resolved via the district court's May 30, 2007 Order.  Petitioner did not file any writ applications with the state appellate or supreme courts in connection with his efforts to seek clarification of his sentence.

review.[3] *See* 28 U.S.C. § 2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, because petitioner's time for seeking review expired March 25, 2005, his one-year limitation period commenced running on that date, giving him until March 25, 2006, to timely seek habeas corpus relief.

As noted above, petitioner did not file the instant action until August 10, 2009, over three years after his prescriptive period expired.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

While petitioner filed, during his one-year statute of limitations (March 25, 2005 - March 25, 2006), a motion for discovery, motion for production, and motion to compel, none of these pleadings tolled prescription under § 2244(d)(2) because they did not challenge petitioner's conviction.  *See Boyd v. Ward*, 2001 WL 533221, *4 (E.D. La. 2001) ("Although Boyd had, in the interim, litigated his entitlement to a free copy of his guilty plea and sentencing transcript through the state court system, the Court does not believe that those proceedings qualify as '. . . application[s] for State post-conviction or other collateral review

---

[3]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

. . .' so as to toll the limitation period under §2244(d)(2) because they were preliminary in

nature and did not directly call into question the validity of Boyd's conviction or sentences.")

*See also Brisbon v. Cain*, 2000 WL 45872, *2 (E.D. La. 2000).

Petitioner also filed during his one-year prescriptive period, specifically, on

February 14, 2006, a motion to correct an illegal sentence and vacate an illegal plea

agreement.  This filing did toll prescription and petitioner's effort to correct his sentence and

vacate his plea agreement arguably remained pending within the state court system and,

therefore, continued to toll prescription, until June 22, 2007, when the Louisiana Supreme

Court denied petitioner's writ application.  *Perkins*, 959 So.2d 490.[4]

On June 22, 2007, when the Louisiana Supreme Court denied petitioner relief

and he no longer had a challenge to his sentence and plea agreement pending in the state

judicial system, petitioner had approximately 40 days of his 365-day statute of limitations

remaining.  Petitioner, however, waited over two years, until August 10, 2009, before filing

the instant federal habeas application.  Thus, this matter is clearly time-barred absent a basis

for equitable tolling.

---

[4]There was a gap, between June 13, 2006, when the Louisiana First Circuit denied petitioner's
first writ application, and July 3, 2006, when petitioner filed his second writ application with the
Louisiana First Circuit, when petitioner had no pleading pending within the state court system
challenging his sentence and plea agreement.  However, the state appellate court, in its June 13,
2006 decision, gave petitioner until August 11, 2006 to file a second writ application with the court.
Because petitioner filed his second writ application on July 3, 2006, within the time allotted by the
court, this time period (between June 13, 2006, when petitioner's first writ application was denied,
and July 3, 2006, when petitioner filed his second writ application) should properly toll prescription.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief.  *Coleman*, 184 F.3d at 403.

Petitioner has presented no evidence reflecting that he was deterred by matters outside his control which prevented him from diligently pursuing federal habeas relief. Accordingly, his claim set forth in the petition that is presently before the court has prescribed and should be dismissed as untimely under §2244(d).

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Clayton Perkins, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after

7

being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[5]

    New Orleans, Louisiana, this __12th__ day of ____November____, 2010.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections.
Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen
days.